**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com
Helen K. Santilli – 032441
Email: helen.santilli@lane.nach.com

*Attorneys for Lothar Goernitz, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERTO AMADOR TORRES<br>fdba EL PUEBLO FOODS<br>aka ROBERT AMADOR TORRES,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 2:21-bk-01404-DPC<br><br>**STIPULATED MOTION TO COMPROMISE CLAIMS OF THE ESTATE**<br><br>**[F.R.B.P. 9019]** |

Lothar Goernitz, Chapter 7 Trustee ("**Trustee**"), Mayan Tortilla Factory, LLC, Roberto Amador Delgado aka Robert Amador Delgado, Sandra Delgado, and Christian Amador (collectively, "**Mayan Defendants**"), by and through their counsel undersigned (Trustee and Mayan Defendants collectively, "**Parties**"), herein file this *Stipulated Motion to Compromise Claims of the Estate* ("**Motion**") seeking a Court Order compromising claims of the Estate. In support of this Motion, the Parties present the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. This case was commenced by a Voluntary Petition under Chapter 7 of Title 11 of the United States Code filed by Roberto Amador Torres fdba El Pueblo Foods, LLC aka Robert Amador Torres ("**Debtor**") on February 26, 2021 ("**Petition Date**").

2. Lothar Goernitz is the duly appointed and acting Trustee in this case.

3. Pre-Petition, Debtor and Jesus Sergio Paez ("**Paez**") formed El Pueblo Foods, LLC ("**El Pueblo**") and jointly operated it as a tortilleria and vendor of related Mexican foods.

4. Upon information and belief, in or around 2012, Debtor agreed to buyout Paez's ownership interest and involvement in El Pueblo and, as a result, became the sole owner of El Pueblo.

5. The Trustee asserts that pre-petition, Debtor transferred his ownership of El Pueblo or assets of El Pueblo to the Defendants. The Trustee asserts that Debtor transferred ownership of El Pueblo or assets of El Pueblo to Defendants[1] within two years of the Petition Date and either: (1) made the transfer with the intent to hinder, delay, or defraud creditors of the Debtor or El Pueblo, including but not limited to Paez; or (2) made the transfer for little or no consideration while Debtor or El Pueblo was insolvent or would become insolvent as a result of the transfer ("**Transfer**"). Defendants deny the Trustee's assertion but have determined that the costs of defense are outweighed by the certainty of settlement, in that this settlement is intended to resolve any and all claims against the Defendants that could be asserted by the Trustee and any claims of any creditors of Debtor that relate in any way to the Defendants.

6. The Trustee asserts the Transfer is an avoidable as a fraudulent Transfer pursuant to 11 U.S.C. §§ 548(A) or (B) ("**Claim**"). As set forth above, the Defendants deny the Trustee's assertion.

7. Pre-petition, Paez brought an action in the Maricopa Superior Court against Debtor and the Defendants for, *inter alia*, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, unjust enrichment, piercing the corporate veil, and for injunctive relief relating to Debtor and the Defendants' alleged ownership interest and involvement with El Pueblo (case number CV2020-090297) ("**State Court Litigation**").

8. The State Court Litigation claims relate to property Debtor allegedly fraudulently transferred to his children and/or an entity controlled by his children prior to the Petition Date, including the Defendants. The Defendants denied all claims asserted in the State Court Litigation.

---

[1] Trustee also asserts the Defendants are insiders of the Debtor pursuant to 11 U.S.C. § 101(31) in that Roberto Amador Delgado and Christian Amador are the Debtor's children and Sandra Delgado is the Debtor's daughter in law.

9. Trustee asserts that upon the Petition Date the causes of action in the State Court Litigation became property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 541, 548, 550, and 551 ("**Claims**"). The Defendants do not dispute that any claims that existed against the Defendants or Debtor, by Paez or any other creditor of Debtor, would have become property of the Bankruptcy Estate and should have properly been transferred to the bankruptcy estate to be controlled entirely by Trustee.

10. On or around May 21, 2021, the Trustee was substituted in as the real party in interest for the plaintiff, Paez, in the State Court Litigation.

11. The Defendants dispute the Transfer and dispute the validity of the Claims or that any other claims exist against the Defendants that relate in any way to the Defendants, Debtor, Paez, or any other creditors of the bankruptcy estate; however, the Defendants agree that only the Trustee has the authority to prosecute any such claims and all such claims are resolved pursuant to this Motion. Further, the Defendants contend that the causes of action set forth in the State Court Litigation have no merit. However, in an effort to end the State Court Litigation and avoid additional legal expenses, the Defendants have offered the settle the Estate's interest in the Claims, and any and all other claims that could be asserted, as set forth below, subject to Court approval.

## II. AGREEMENT BETWEEN THE PARTIES

12. The Trustee has received an offer from the Defendants to settle the Claims, and any and all other claims that could be asserted against the Defendants, wherein the Defendants will pay the Trustee the sum of $9,000.00 ("**Settlement Amount**"), subject to Court approval and as more fully set forth below:

   a. Defendants agree to pay the Settlement Amount in three (3) payments, each in the amount of $3,000.00, without interest. The first payment of $3,000.00 will be remitted within fifteen (15) days of the execution of this Motion. Each subsequent payment shall be due on or before the 15th day of each consecutive month thereafter, until the Settlement Amount is paid in full.

   b. Payments shall be in the form of a check or certified funds naming as payee

"Lothar Goernitz, Trustee" and mailed to Lane & Nach, P.C., care of Helen K. Santilli.

c. If payment is received by the Trustee prior to the Court entering an Order approving this Motion, the Trustee may deposit the payment and retain the funds pending entry of the Court Order. In the event the Motion is not approved for any reason, any payments sent to the Trustee shall be returned to the Defendants.

d. In the event the Defendants default in remitting any payment when due under the terms of this Motion, Trustee may provide written notice of the default to the Defendants' counsel, with a period of ten (10) days to cure such default. If the Defendants fail to timely cure the default, Trustee may file an affidavit of non-payment and lodge a proposed judgment for the Settlement Amount, minus any payment received, along with any costs and attorneys' fees incurred by the Estate, from the date of default in order to collect the Settlement Amount.

e. Upon entry of a Court Order approving this Motion and receipt of the Settlement Amount, the Trustee and the Estate release the Defendants from any known or unknown liability or causes of action arising from the State Court Litigation or that could have been asserted in the State Court Litigation or that could have been asserted against any of the Defendants by any creditor of the Debtor, including, but not limited to Paez.

f. Upon entry of a Court Order approving this Motion and receipt of the Settlement Amount, Trustee shall promptly dismiss the State Court Litigation as to all of the Defendants with prejudice and with each party to bear their own attorneys' fees and costs.

g. This Motion constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes all negotiations, prior discussions and prior agreements and understandings relating to such subject matter.

    h. This Motion is entered into between the Parties as a compromise of claims disputed as to amount and is executed solely for the purpose of avoiding the cost and uncertainty of litigation. None of the Parties, by entering into this agreement, admits lack of merit to their respective positions or merit of opposing positions.

    i. If any term, covenant, condition or provision hereof is illegal or invalid or unenforceable for any reason whatsoever, such illegality or invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts herein.

    j. This Motion is expressly contingent upon entry of a Bankruptcy Court Order approving the terms set forth herein.

13. The Trustee recognizes the inherent risk in litigation over any matter, and in this instance regarding the Claims and any other claims that could be asserted. Based upon the time, costs, and uncertainty associated with litigation, the Trustee, in his best business judgment, believes that the current settlement will maximize distribution to creditors of the Estate. The certainty of recovery for creditors of the Estate favors settlement as proposed herein. Trustee believes the settlement is appropriate after consideration of all of the circumstances.

### III. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of Trustee's best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *Woodson*, 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. *Id*. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views. *Id*.

Consideration of these factors does not require the Court to decide question of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972), cert. denied, 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee asserts the *Woodson* factors all weigh in favor of approving this Motion. First, while the Trustee believes he would be successful if the Claims were litigation, as with any litigation there are unknowns. Indeed, the Defendants dispute that the Transfer occurred and assert that proper consideration was provided for all transactions. Given the Defendants' position, any litigation would be contested, protracted, and costly to the Estate. Second, it is unclear if there would be collection difficulties. In the event the Estate obtained a judgment against the Defendants, the Estate would incur costs associated with collection and the Defendants have asserted they have limited resources. Therefore, it is unclear if the Estate would be able to collect on any judgment entered against the Defendants. Third, while litigating the Claims would likely be complex, and it would be time consuming, contested, increase administrative expenses, inconvenient, and delay

administration of the Estate. Lastly, the Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The settlement provides funds for the benefit of creditors of the Estate while avoiding the costs associated with litigation of the Claims and avoiding the uncertainty of success in litigation of the matter in light of the asserted defenses to the Claims.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order approving this Motion and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th of August, 2021.

**LANE & NACH, P.C.**

By: */s/ Helen K. Santili*
    Michael P. Lane
    Helen K. Santilli
    *Attorneys for Trustee*

**GUIDANT LAW FIRM**

By: */s/ D. Lamar Hawkins*
    D. Lamar Hawkins
    *Attorney for Defendants*

COPY of the foregoing delivered
via electronic mail to:

Candace E. Kallen
My Arizona Lawyers
1731 West Baseline Road Suite 101
Mesa, AZ 85202
Email: jacqueline@myazlawyers.com
*Attorney for Debtor*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Jennifer.A.Giaimo@usdoj.gov

By: */s/ Sheila Rochin*